CHAISSON, J.,
CONCURS AND ASSIGNS ADDITIONAL REASONS
11 While I agree that summary judgment in favor of Corral in this case is appropriate, and agree with the majority opinion’s analysis regarding the adequacy of the warning in this case, I write separately to further comment on the parties’ arguments regarding the applicability of the “open and obvious” doctrine to this case. Specifically, Mrs. Bertaut complains that the trial court accepted Corral’s argument that the hazardous condition was “open and obvious,” despite record evidence that Corral denied the existence of any hazardous condition, and that it was incongruous for the court to do so.[5] She further argues that the “open and obvious” doctrine refers to the openness and obviousness of the hazardous condition itself, not to the openness or obviousness of any warning that is provided. Corral, for its part, in its memorandum in support of its motion for summary judgment, after discussing the adequacy of the warning cone, stated “[pjlaintiff cannot satisfy the required element of her claim, as any condition of the floor was open and obvious and did not constitute an unreasonable risk of harm.”
[2In my opinion, because the “open and obvious” doctrine as enunciated by our Supreme Court in Broussard refers to whether the dangerous condition itself was open and obvious, that doctrine is not applicable to the case before us. Corral has disputed whether any unreasonably dangerous condition of the floor existed at the time of Ms. Bertaut’s fall, and, as pointed out in the majority opinion, there was scant evidence presented by Ms. Bertaut that there was a “puddle of water,” or any other unreasonably dangerous condition on the floor where she fell.
I interpret Corral’s argument to be, in essence, that even if Ms. Bertaut is able to *360 carry her burden of proving that there was a “puddle of water” or some other unreasonably dangerous condition on the floor, the cone placed at the location of the fall was an adequate warning of any such condition, such that Corral is not liable. I agree with the majority opinion’s analysis regarding the adequacy of the warning in this case, and the conclusion that “an approximately three-foot high yellow warning cone containing the universal symbol for wet floor is considered adequate to alert ... Mrs. Bertaut ... of a potentially hazardous condition.” I therefore agree that, after de novo review, Corral is entitled to summary judgment in this matter.

. A careful reading of the trial court’s Reasons for Judgment indicates that, although the trial court mentions the "open and obvious” doctrine in its recitation of the parties' arguments on the summary judgment motion, the court itself does not rely upon that doctrine as part of the rationale for its ruling, which clearly is based upon the adequacy of the warning. Regardless, appellate courts' standard of review of a judgment granting or denying summary judgment is de novo, and we are not restricted to only a review of the reasoning of the trial court.